OPINION CLARIFIED ON PETITION FOR REHEARING
MASON, Associate Judge:
This is an appeal from a final judgment of the Circuit Court of Volusia County, John J. Upchurch, Judge, denying appellant’s complaint for foreclosure of a mortgage given to secure a promissory note and awarding appellee, Perego, damages on his counterclaim.
The facts are as follows: Perego, along with two other people, purchased a funeral business and assumed a mortgage owing to appellant Hannah and one Robinson. Thereafter, Perego employed Hannah as funeral director and manager of the funeral business. In 1975, Hannah and Robinson filed a mortgage foreclosure suit against Perego and his co-owners alleging that he was in arrears in payment of three monthly payments on account of the note and mortgage, as well as being in arrears in the payment of three monthly payments on account of a first purchase money mortgage on the property held by third parties, which last stated arrearages had to be, and were paid by Hannah and Robinson to protect their second mortgage from being foreclosed. Appellant also alleged that appellee further defaulted by failure to pay insurance premiums and taxes which he covenanted to pay and keep current.
Perego answered, alleging payment, es-toppel, waiver, fraud and merger. He also counterclaimed alleging that Hannah, while in a fiduciary capacity defrauded him by giving receipts and satisfaction of debts to certain clients and customers of the funeral home and converting certain funds to his own use and enjoyment. He asked for an accounting, compensatory and punitive damages of and from Hannah. In a second count of his counterclaim he alleged that Hannah converted to his own use certain pre-arrangement files belonging to him. Hannah and Robinson asked for and received summary judgment of the trial, court. Perego appealed therefrom and this court reversed on the ground that there existed justiciable issues of fact in the record which could not be resolved on a motion for summary judgment. Perego v. Robinson and Hannah, 344 So.2d 316 (Fla. 1st D.C.A. 1977).
In the meantime Hannah and Robinson were in possession of the funeral home as a result of having purchased the same at foreclosure sale on November 24th, 1975. Hannah operated the funeral home during the time that this cause was on appeal from the summary judgment. After the reversal by this court of such judgment Perego amended his counterclaim to include a prayer for damages for loss of business, business reputation and for loss of profits and rents for the use of the premises by Hannah and Robinson during the period of the litigation. In the meantime Perego bought out the co-owners’ interest.
By pre-trial order and without objection of any of the parties or counsel the court announced that the issues raised by the pleadings would be tried in a bifurcated trial with the issues presented by the counterclaim of alleged damages for loss of business reputation, punitive damages, loss of *1087 personal property and loss of profits being submitted to the jury for determination, and the issues under the foreclosure complaint of non-payment of the mortgage obligation and the defense thereto of payment and the defendants’ claim for rent since the mortgagees were put into possession of the property as a result of the foreclosure sale would be determined by the court.
The jury returned a verdict for Perego on his counterclaim in the following amounts for items of damages claimed: (1) Loss of profits, $21,000.00, (2) For conversion of funeral pre-arrangement files, $25,000.00, (3) Fraudulent conversion of business funds, $1,640.00, (4) For conversion of furnishings, $5,000.00, and (5) Punitive damages, $5,000.00, all totaling $57,640.00.
The court on the issue of the rent claim of defendant, Perego, found for the latter in the sum of $38,333.41.
The trial court denied Hannah’s prayer for acceleration of the mortgage and foreclosure thereof of his half interest in the same on the cited ground that the jury had by its verdict found him guilty of violation of a fiduciary relationship that he held with Perego, and guilty of conversion of funds. He entered judgment for Perego against Hannah in the sum of $95,973.41, the sum total of the above two last stated figures. It is from this judgment that this appeal lies.
Robinson was granted his prayer for relief for foreclosure of the mortgage for his half interest in the note and mortgage on the same date as the entry of the judgment against Hannah. Perego has appealed from Robinson’s judgment but we are not concerned here with that appeal.
The points on appeal present two main issues, first as to whether the trial court erred in denying Hannah the right to foreclose his interest in the mortgage by acceleration of the same due to defaults in compliance by Perego of certain terms of the mortgage, and (2) whether Perego established by substantial competent evidence a right to a judgment against Hannah for the several items of damage sued for by Pere-go-
We shall discuss and resolve these' issues in reverse order.
We conclude that as to the items of damage for which Perego received judgment there is in the record substantial competent evidence to sustain all of such items of damage save and except item number two, viz: the jury’s award of $25,000.00 for alleged conversion of funeral pre-arrangement files. Such proof being sufficient as to all of such other items we are not permitted to substitute our opinion for that of the jury and trial judge. See U. S. Y. & T. Industries, Inc., f/k/a Union Stockyards & Transit Company of Chicago v. Charolais Herds & Ranches, Inc., 367 So.2d 1084, de-cided by this court, opinion filed February 26, 1979, and cases cited therein.
However, as to the item of damages for conversion of funeral pre-arrangement files we must reverse. The record discloses that a funeral pre-arrangement file is nothing more than a statement of the funeral arrangements a person wishes to have when he dies. Upon his death his family or estate is not bound by the pre-arrangement file because it is not a binding contract wherein in the deceased has agreed to pay the funeral home any specific amount for any specific type of funeral, but rather is no more than a statement of the deceased as to his wishes concerning the kind of funeral he would like. The evidence below indicates that such files have no real market value because of the lack of a contractual obligation on the part of the deceased to pay a specific sum for the desired type of funeral, and the lack of any obligation on the part of his family or estate to use and pay for such type of funeral so prearranged. For these reasons the value of such files is purely conjectural and speculative. The trial court erred in permitting the jury to consider this item of damage and in entering judgment therefor in the amount awarded by the jury.
Did the trial court abuse his .discretion in refusing to honor the acceleration provisions of the mortgage in so far as appellant Hannah was concerned, and in denying *1088 Hannah’s prayer to foreclose his one-half interest in the mortgage and note? We think so, and reverse that portion of the final judgment entered by the trial court. The court below granted the comortgagee’s, Robinson, prayer for such relief and entered foreclosure judgment for Robinson in the total sum of $52,763.09, with interest from date of judgment, representing Robinson’s one-half interest in the mortgage. The court denied Hannah’s right to accelerate the note and mortgage, giving as his reason therefor that the jury’s verdict on Perego’s counterclaim forfeited Hannah’s right of foreclosure. We hold he erred in so doing.
At the time of the institution of this suit it is undisputed that Perego was in excess of $3,000.00 in arrears on the second mortgage, as well as in arrears on his payments under the first mortgage, plus taxes and insurance. The record discloses that in order for Hannah and Robinson to protect their second mortgage they were required to pay Perego’s defaulted payments on account of the first mortgage. The record further discloses that some two months pri- or to the filing of this suit Perego closed the funeral home, abandoned the premises, and returned to his home in Ft. Lauderdale. Hannah and Robinson thereafter continued to pay the payments on the first mortgage, and insurance' premiums and taxes on the property. It is evident that the court below found these facts to be true as the basis for granting Robinson’s prayer for foreclosure.
We do not believe that Hannah’s actions while he was in possession of the premises subsequent to the first foreclosure judgment later reversed by this court were of such character as to justify a denial to him of his contractual rig.hts under the mortgage. The trial court should have granted Hannah’s prayer to foreclose his interest in the second mortgage and should have entered a judgment of foreclosure by striking a balance between what was due Hannah on an accelerated basis and the damages suffered by Perego as determined by the jury and the court, less the item of damages so found for conversion of the funeral pre-arrangement files. If upon such an accounting it was found that the damages suffered by Perego were less than the amount due on account of Hannah’s interest in the second mortgage on an accelerated basis, foreclosure -judgment should have been entered for Hannah for the difference. On the other hand if Perego’s lawful damages exceeded the amount found to be due Hannah on account of his interest in the mortgage the court should have entered a general judgment for Perego for such excess, and cancelled Perego’s obligation to Hannah under the mortgage and the note secured by it. See Federal Home Loan Mortgage Corporation v. Taylor, 318 So.2d 203 (Fla. 1st D.C.A. 1975).
In summary, we affirm that portion of the judgment below awarding damages to appellee Perego under his counterclaim except the award for conversion of the funeral pre-arrangement files. As to said latter item of damage we reverse and direct that the trial court delete such award from any judgment hereafter entered. We reverse the trial court’s denial of appellant’s Hannah, prayer for acceleration and foreclosure.
We remand with direction to the court below to set aside the judgment herein appealed and to enter judgment in accordance with the views herein expressed.
Affirmed in part, reversed in part.
MILLS, C. J., and ERVIN, J., concur.